# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE PRUETT, | 3:07-CV-00217-LRH (RAM) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| MR. HOOLIGAN, DIRECTOR CLARK COUNTY DETENTION CENTER; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; PRISON HEALTH SERVICES; and DOES I-V et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendant's Motion to Dismiss (Doc. #20). Plaintiff opposed the motion (Doc. #25) and Defendant replied (Doc. #26)

The court has thoroughly reviewed the pleadings and the record and recommends Defendant's motion to dismiss be granted.

## I. BACKGROUND

Plaintiff is a prisoner in Northern Nevada Correctional Center (NNCC) in the custody of the Nevada Department of Corrections (NDOC) (Doc. #14). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging state officials violated his Eighth Amendment right

against cruel and unusual punishment and his Fifth and Fourteenth Amendment rights to due process and equal protection (Doc. #14).[1]

In Count I, Plaintiff asserts violations of his Fifth Amendment and Fourteenth Amendment rights to due process and equal protection against Director Hooligan in his official capacity (*Id.* at 5). Plaintiff alleges Director Hooligan failed to enforce regulations in place to guarantee Plaintiff's safety (*Id.*). Plaintiff further alleges Director Hooligan was deliberately indifferent to the incident reports filed and his actions were discriminatory to Plaintiff based on Plaintiff's age and alleged crime (*Id.*).

In Count II, Plaintiff asserts a failure to train cause of action against Defendant LVMPD (hereinafter "Defendant") (Doc. #14 at 6). Specifically, Plaintiff alleges Defendant "holds the contract to run and administrate Clark County Detention Center and employs either directly or through sub-contract all defendants listed herein." (*Id.*). Plaintiff further alleges "[i]t is through their supervisor capacity that they failed to act and enforce through training or administrative actions to guarantee that the Plaintiff was safe and free from injury and received adequate medical treatment." (*Id.*). Finally, Plaintiff alleges Defendant failed to investigate and take action (*Id.*).

In Count III, Plaintiff asserts violations of his Fifth Amendment and Fourteenth Amendment rights to due process and equal protection against Defendant and Prison Health Services (PHS), as a subcontractor of Defendant (*Id.* at 7). Plaintiff alleges Defendant and PHS failed to train their medical staff properly and allowed Plaintiff to be the victim of discrimination (*Id.*). Plaintiff essentially asserts PHS is liable because all services must be authorized by PHS; therefore, they must have been aware of the numerous injuries Plaintiff sustained while in the custody of CCDC (*Id.*).

///

---

[1] Although Plaintiff alleges numerous constitutional violations against various named and unnamed defendants, Defendant LVMPD is the only defendant to be served with Plaintiff's Amended Complaint (Doc. #20 at 2, n. 1). Accordingly, this Report and Recommendation only addresses claims applicable to this Defendant.

2

In Count IV, Plaintiff asserts an Eighth Amendment claim against Defendant and John Doe #1, a court transport officer (*Id.* at 8). Plaintiff alleges that, on or about July 28, 2004, John Doe #1 pulled on Plaintiff's belly chain, causing Plaintiff to trip and fall, breaking several toes, bruising his ribs and injuring his head (*Id.*). Plaintiff further alleges he was reprimanded and locked in a cell for an hour without medical attention (*Id.*).

In Count V, Plaintiff asserts a violation of his Fifth Amendment and Fourteenth Amendment rights to due process and equal protection against Defendant and Jane Doe #2, a nurse employee of PHS (*Id.* at 9). Plaintiff alleges that, on or about July 30, 2004, Jane Doe #2 refused to refer Plaintiff to a doctor for his numerous injuries and simply sent Plaintiff away with an ace bandage and an aspirin (*Id.*). Plaintiff asserts Defendant and Jane Doe #2 discriminated against Plaintiff due to his alleged crime and his age (*Id.*).

In Count VI, Plaintiff asserts an Eighth Amendment violation against Defendant, John Doe #3 and John Doe #4, custody staff at CCDC (*Id.* at 10). Plaintiff alleges that, on or about May 10, 2005, John Does 3 and 4 placed Plaintiff in a cell with another inmate and assigned Plaintiff to the top bunk and, due to his age and physical limitations, he was unable to climb into the top bunk (Doc. #14 at 10). Plaintiff further alleges John Does 3 and 4 reprimanded Plaintiff for being on the floor, rather than in his bunk, and then physically forced Plaintiff onto the top bunk (*Id.*). Plaintiff alleges he fell off the top bunk during the night and broke numerous bones and injured his head, sinuses, orbital sockets, teeth and wrists (*Id.*).

In Count VII, Plaintiff asserts an Eighth Amendment violation against Defendant and Jane Doe #5, a transport officer (*Id.* at 11). Plaintiff alleges that, on or about October 17, 2005, Jane Doe #5, a transport officer, struck Plaintiff with a patrol car knocking him underneath the vehicle (*Id.*). Plaintiff further alleges he was unconscious for several hours and injured his head, ribs and arms (*Id.*). Plaintiff alleges he was immediately discharged from the emergency room and transported to an NDOC facility in an apparent attempt to cover up all the defendants reckless disregard towards him (*Id.*).

Plaintiff requests punitive damages, compensatory damages and injunctive relief in the form of qualified medical care as deemed necessary by an outside physician (Doc. #14 at 14).

## II. STANDARD FOR MOTION TO DISMISS

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Inter'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) (citation omitted). For a defendant-movant to succeed, it must appear to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Id.* at 338. A complaint may be dismissed as a matter of law for, "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

## III. DISCUSSION

Defendant moves for dismissal on each of Plaintiff's claims asserted against it in Plaintiff's First Amended Complaint (Doc. #20 at 2, n. 1; Doc. #14). First, Defendant contends Plaintiff's claims arising prior to May 7, 2005[2] are time-barred under the applicable statute of limitations (*Id.* at 4). Next, Defendant contends Plaintiff's seventh claim for relief sounds in negligence and is, therefore, not actionable under § 1983 (*Id.* at 5). Finally, Defendant contends Plaintiff has failed to properly plead sufficient facts to support municipal liability; therefore, all claims against it must be dismissed (*Id.* at 6).

///

---

[2] Defendant's motion mistakenly lists the applicable date as May 7, 2007; however, it is clear from the pleadings that Defendant is arguing that any claim arising more than two (2) years prior to Plaintiff filing his application to proceed in *forma pauperis*, which was filed on May 7, 2007, is time-barred. Accordingly, the applicable date is May 7, 2005.

4

Plaintiff argues he was unable to gain proof necessary to establish and support his claims until December of 2005; therefore, the court should look to the date of factual discovery to begin accrual of Plaintiff's claims (Doc. #25 at 1). Plaintiff further argues his claims clearly demonstrate negligence on the part of Defendant in its supervisory capacity (*Id.*). Finally, Plaintiff argues the court should hold Defendant responsible for the actions of its employees and contracted employees regardless of whether or not Defendant acted against established policies (*Id.* at 2).

**A.   STATUTE OF LIMITATIONS (COUNTS IV AND V)**

Section 1983 does not contain its own statute of limitations; therefore, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985). If there are multiple statutes of limitation for various types of personal injury claims, the residual statute of limitations for personal injury claims is to be applied. *Owens v. Okure*, 488 U.S. 235 (1989). If there is no residual statute of limitations for personal injury claims, the general residual statute of limitations applies. *Id.*

In Nevada, the applicable residual statute of limitations for personal injury claims applicable to § 1983 claims is two years. NEV. REV. STAT. § 11.190(4)(e). Therefore, under the applicable statute of limitations, Plaintiff had two (2) years within which to commence the instant suit. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989). An action is deemed to be commenced when the complaint is filed. *Id.* In the Ninth Circuit, a complaint is considered filed when it is "constructively filed" or delivered to the clerk of court. *United States v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392, 1395 (9th Cir. 1986) ("The complaint is 'filed' when it is placed in the actual or constructive possession of the clerk.").

A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991-992 (9th Cir. 1999). Thus, under applicable Nevada and federal law, Plaintiff must show either: 1) that Defendant's last acts alleged to have caused Plaintiff's injuries, which Plaintiff knew or had reason to know

5

1  formed the basis of this action, occurred within two (2) years of filing his complaint; or 2) that
2  Plaintiff can invoke an exception to the statute of limitations. Dismissal on statute of
3  limitations grounds can be granted pursuant to FED. R. CIV. P. 12(b)(6) "only if the assertions
4  of the complaint, read with the required liberality, would not permit the plaintiff to prove that
5  the statute was tolled." *TwoRivers*, 174 F.3d at 991 (citing *Vaughan v. Grijalva*, 927 F.2d 476,
6  478 (9th Cir. 1991) (*quoting Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Here, Plaintiff does not dispute that some of the acts alleged to give rise to his claims occurred more than two (2) years prior to the filing of Plaintiff's initial complaint attached to his application for leave to proceed in *forma pauperis,* which was filed May 7, 2007 (Doc. #25 at 1; Doc. #1). Instead, Plaintiff contends he was "unable to gain proof to establish and support his claims until December of 2005." (*Id.*). Plaintiff essentially requests the court toll the statute of limitations to December, 2005, rather than May 7, 2005, although it is not clear upon which legal theory Plaintiff bases his request. Thus, the court will address each possible exception that may apply to Plaintiff's case.

### 1. **Discovery Rule**

While the federal courts borrow the forum state's statute of limitations for § 1983 claims, the courts "borrow no more than necessary." *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (*citing West v. Conrail*, 481 U.S. 35, 39-40 (1987)). Thus, federal law, not state law, determines when a civil rights claim accrues. *Id.* Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1999). Plaintiff does not allege he was unaware of the facts that give rise to his claims until December, 2005; rather, Plaintiff alleges he was unable to acquire proof until that time. Thus, Plaintiff clearly had knowledge of his alleged injuries on July 28, 2004, July 30, 2004, May 10, 2005 and October 17, 2005, respectively (Doc. #14). Accordingly, under the discovery rule, Plaintiff's claims began to accrue on those respective

dates. Thus, under the discovery rule, Plaintiff's claims that accrued prior to May 7, 2005 are time-barred.

### 2. Continuing Violation Doctrine

"In order for a violation to be continuing, it must involve a practice, continued over a period of time, which operates to injure the plaintiff either individually or as a member of a class to which the plaintiff belongs." *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1443 (9th Cir. 1984) (*citing Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 924-925, n.3 (9th Cir.), *cert denied,* 459 U.S. 971 (1982); *Reed v. Lockheed Aircraft Corp.*, 613 F.2d 757, 760 (9th Cir. 1980); *Elliot v. Sperry Rand Corp.*, 79 F.R.D. 580, 585-586 (D. Minn. 1978)).

> A consequence of the continuing violations doctrine is that a defendant cannot insulate itself from liability by engaging in a series of related violations ... asserting that the statute of limitations has run for all violations as soon as the limitations period has run for the first violation in the series. This consequence suggests that an important purpose of the continuing violation doctrine is to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort.

*O'Loghlin v. County of Orange*, 229 F.3d 871, 875 (9th Cir. 2000).

The Ninth Circuit recognizes two methods by which a plaintiff may establish a continuing violation. *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997). First, the plaintiff may show a series of violations by pointing to a series of related acts against one individual, of which at least one falls within the relevant period of limitations. *Id.* Second, a plaintiff may show a "systematic policy or practice of discrimination that operated, in part, within the limitations period-a systemic violation." *Morgan v. Nat'l RR Passenger Corp.*, 232 F.3d 1008 (9th Cir. 2000).

#### a. Series of Related Acts

In order to establish a series of related acts, Plaintiff "must state facts sufficient to support a determination that the alleged discriminatory acts are related closely enough to constitute a continuing violation and that one or more of the acts falls within the limitation period." *Degrassi v. City of Glendora*, 207 F.3d 636, 645 (9th Cir. 2000) (internal quotations

and citations omitted). "The focus in determining whether an alleged civil rights violation is "continuing" is upon the issue of whether a present violation still exists, not upon the present effect of a past … decision." *London v. Coopers & Lybrand*, 644 F.2d 811, 816 (9th Cir. 1981); *see also*, *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977). The mere continuing impact from a past violation is not actionable. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 238-239 (9th Cir. 1991). "The proper focus is upon the time of the discriminatory [or wrongful] acts, not upon the time at which the consequences of the acts became most painful." *Abramson v. University of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, Plaintiff has failed to show a series of related acts. Plaintiff's allegations do not demonstrate a series of related acts against one individual; rather, Plaintiff alleges separate and distinct acts against various John and Jane Doe defendants (Doc. #14).

b. <u>Systematic Policy or Practice of Discrimination</u>

In order to attack Defendant's policy or practice as systematically discriminatory, Plaintiff must show "execution of a government's policy or custom … [that] inflicts the injury." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). In the Ninth Circuit, decisions applying the systematic policy or practice method of demonstrating a continuing violation have largely arisen in the context of placement or promotion discrimination cases. *See Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1480 (9th Cir.1989); *Morgan,* 232 F.3d at 1016. The Ninth Circuit has found that "[a] systemic violation claim 'requires no identifiable act of discrimination in the limitations period, and refers to general practices or policies, such as hiring, promotion, training and compensation.' *Provencher v. CVS Pharmacy, Div. Of Melville Corp.,* 145 F.3d 5, 14 (1st Cir.1998). 'In other words, if both discrimination and injury are ongoing, the limitations clock does not begin to tick until the invidious conduct ends.' *Mack v. Great Atl. & Pac. Tea Co.,* 871 F.2d 179, 183 (1st Cir.1989)." *Douglas v. California Dept. of Youth Authority,* 271 F.3d 812, 822 (9th Cir. 2001). Thus, the critical issue is whether, in this case, Plaintiff has pled facts when construed as true that are

8

sufficient to show he was "exposed" to Defendant's discriminatory policy during the period of limitations. *Douglas*, 271 F.3d. at 824.

Plaintiff does not base his complaint on a policy of continuing discriminatory practices. To the contrary, Plaintiff asserts that "hopefully there is no specific policy, practice, custom or scheme within LVMPD to authorize or allow the treatment that the plaintiff received." (Doc. #25 at 1). Thus, these facts, as pled by Plaintiff, fail to show a systematic policy or practice of discrimination. Accordingly, Plaintiff has failed to show a continuing violation and Plaintiff's claims that accrued prior to May 7, 2005 are time-barred under the continuing violation doctrine.

### 3. **Equitable Tolling**

Where the federal courts borrow the state statute of limitations, they also borrow the forum state's tolling rules. *See* Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Board of Regents of the Univ. of New York v. Tomanio,* 446 U.S. 478, 483-84, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). The Nevada Supreme Court recognizes the doctrine of equitable tolling and notes there are several factors the court should consider in determining whether the doctrine should apply in a given case. *Seino v. Employers Ins. Co. of Nevada*, 121 Nev. 146, 111 P.3d 1107 (2005); *Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983). "Those factors include: the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case." *Copeland*, 99 Nev. at 826-827. In situations "[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate. *Seino v. Employers Ins. Co. of Nevada*, 121 Nev. 146, 152, 111 P.3d 1107, 1112 (2005) (citing *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002)).

9

In weighing the factors the Nevada Supreme Court considers, Plaintiff has not shown his claims should be equitably tolled. The record indicates Plaintiff was not diligent in pursuing his claims. Plaintiff was aware of the all the facts giving rise to his alleged injuries on the actual dates of those alleged injuries, despite Plaintiff's purported inability to gather proof of said claims. Plaintiff has not alleged, nor shown, any deception or false assurances on the part of Defendant regarding any of his alleged injuries and Defendant asserts it would be severely prejudiced if it is required to gather information more than two (2) years after the fact in order to defend an untimely suit against it (Doc. #26 at 5).

Plaintiff's argument that he was unable to gain proof of his claims until December of 2005 is at best a discovery argument, which is addressed *supra*, or an ignorance of the law argument. While Nevada has not expressly addressed an ignorance of the law issue with regards to equitable tolling, it is generally held that ignorance of the law does not equitably toll the statute of limitations. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" ); *see also Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (same); *Harrison v. Galaza*, 1999 WL 58594, at 3 (N.D. Cal. Feb.4, 1999) ( "a lack of knowledge of the law is not sufficient to constitute extraordinary circumstances"). The Ninth Circuit recognizes that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). And, in the Ninth Circuit, the party invoking tolling must at least show that his or her ignorance of the limitations period was caused by circumstances beyond the party's control. *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)).

Plaintiff knew the facts giving rise to his claims – his alleged injuries – at the time they occurred. An inability to gain actual proof of his alleged injuries until December, 2005 does not negate the fact that he had actual knowledge of those alleged injuries at the time they

10

occurred. And Plaintiff has not shown that any ignorance of the statute of limitations period was caused by circumstances beyond his control.

Under these facts, Plaintiff's argument is merely a claim of excusable neglect. "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Furthermore, under Nevada law, "[d]ismissal on statute of limitations grounds is ... appropriate when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered *the facts giving rise to the cause of action*", not proof of the cause of action. *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) (emphasis added); *see also Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir.1992) (quoting *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir.1984)). Plaintiff clearly had knowledge of the facts giving rise to his claims at the time of his alleged injuries. Accordingly, Plaintiff's claims that accrued prior to May 7, 2005 are time-barred and should not be equitably tolled.

Count IV (occurring on or about July 28, 2004) and Count V (occurring on or about July 30, 2004) accrued prior to May 7, 2005 and are, thus, time-barred. Accordingly, Defendant's request to dismiss Counts IV and V should be **GRANTED**.

**B.   NEGLIGENCE UNDER § 1983 (COUNT VII)**

In § 1983 actions, "the plaintiff must prove a violation of the underlying constitutional right; and *depending on the right*, merely negligent conduct may not be enough to state a claim." *Daniels v. Williams*, 474 U.S. 327, 330 (1986) (emphasis added). Here, Plaintiff's seventh claim for relief is based on the Eighth Amendment's ban on cruel and unusual punishment.

"A prisoner can state a section 1983 claim against prison personnel under the eighth amendment by establishing that the prison personnel acted with 'deliberate indifference' in creating the condition that violates the eighth amendment." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The "deliberate indifference" standard requires proving some degree of

"individual culpability," but does not require proof of an express intent to punish. Thus, to establish a deprivation of his Eighth Amendment rights by a particular prison official, Plaintiff must establish the official's deliberate indifference to his need for an environment compatible with "the evolving standards of decency that mark the progress of a maturing society." *Leer*, 844 F.2d at 633 (internal citations omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). A showing of negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. *Id.*; *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.").

Defendant asserts Plaintiff's seventh cause of action must be dismissed because it sounds in negligence; therefore, it is not actionable under § 1983 (Doc. #20 at 5). Plaintiff contends his claims are sound and clearly demonstrate negligence on the part of Defendant (Doc. #25 at 1). Thus, Plaintiff admits his seventh cause of action sounds in negligence.

Plaintiff alleges Jane Doe #5 apparently struck him with the patrol vehicle knocking him underneath the car causing numerous injuries to Plaintiff's head, ribs and arms (Doc. #14 at 11). Plaintiff does not allege Jane Doe #5 acted with deliberate indifference, or was anything more than merely negligent. Plaintiff also alleges he was then immediately transported to an NDOC facility after his discharge in order to cover up "the reckless disregard shown by all defendants." (*Id.*). This mere conclusory allegation, without sufficient supporting facts, does not show deliberate indifference on the part of Defendant. Thus, even construing Plaintiff's allegations as true, Defendant's alleged negligent treatment, even if inexcusable, does not amount to an Eighth Amendment violation. Accordingly, Defendant's request to dismiss Count VII should be **GRANTED**.

### C.   MUNICIPAL LIABILITY (REMAINING COUNTS II, III AND VI)

Municipalities are "persons" under § 1983 and may be liable for causing a constitutional deprivation. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipality

12

1 may not be sued under § 1983 solely because an injury was inflicted by its employees or agents. *Id.* at 694. "[I]t is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

To impose liability against Defendant, a municipality, for its failure to act, Plaintiff must show: (1) an employee of Defendant violated Plaintiff's constitutional rights; (2) Defendant has customs or policies that amount to deliberate indifference; and (3) these customs or policies were the moving force behind the employee's violation of constitutional rights. *Id.* at 1186.

Defendant asserts Plaintiff has failed to properly plead a cause of action for municipal liability because Plaintiff has not alleged an employee of Defendant was following a policy, practice, custom or scheme of Defendant that caused any of the alleged constitutional violations and, in fact, Plaintiff does not even allege a policy, practice, custom or scheme exists (Doc. #20 at 6). Plaintiff admits he is not alleging any policy, practice, custom or scheme exists that authorized the alleged treatment he received (Doc. #25 at 1).

Under these facts, Plaintiff has not shown Defendant directed any employee to take the alleged unconstitutional actions, nor has he shown that a custom or policy of Defendant was the moving force behind the alleged violations. To the contrary, Plaintiff admits that he is, at a minimum, unaware of any policy, practice, custom or scheme that was the moving force behind any of Defendant's employees' violations of his constitutional rights. Therefore, Plaintiff has failed to plead facts sufficient to impose municipal liability against Defendant. Accordingly, Defendant's request to dismiss all remaining claims (Counts II, III and VI) against it should be **GRANTED**.

///
///
///
///

13

### D.   FAILURE TO SERVE THE COMPLAINT (COUNT I)

The only remaining claim, Count I, is a claim against Director Hooligan in his official capacity. There are no other named defendants. Plaintiff failed to serve Director Hooligan within the 120-day time period prescribed under Rule 4(m). Plaintiff has not shown good cause for this failure. Accordingly, Count I should also be **DISMISSED**.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion to Dismiss (Doc. #20).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an order **DISMISSING** Count I in Plaintiff's complaint (Doc. #14).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED:   June 11, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

14